```
            IN THE UNITED STATES DISTRICT COURT
         FOR THE EASTERN DISTRICT OF PENNSYLVANIA

MELISSA LANGLAIS, et al.        :     CIVIL ACTION
                                :
          v.                    :
                                :
PENNMONT BENEFIT SERVICES,      :
INC., et al.                    :     NO. 11-5275
```

MEMORANDUM

McLaughlin, J.                                      December 18, 2013

      The petitioners in this case are beneficiaries of employee benefit plans administered by the respondents. The petitioners have filed a motion for partial release of the $3.9 million supersedeas bond funds deposited with the Court Registry (Docket No. 50), and a motion for an expedited ruling on the motion for release of funds (Docket No. 53).

      In September 2010, the respondents denied the petitioners' claim to death benefits under an employee benefit plan administered by the respondents. The American Arbitration Association issued an award in favor of the petitioners and against all respondents for $3.8 million, plus attorneys' fees. This Court confirmed the arbitration award only against respondent PennMont Benefit Services, Inc. ("PennMont") in its capacity as plan administrator and only as to the corpus of the REAL VEBA Trust. The respondents filed a notice of appeal to the Third Circuit, and a motion to stay execution of the

judgment and approve a minimum supersedeas bond.  This Court ordered the respondents to post a $3.9 million bond to preserve the amount due to the plan beneficiaries, which was deposited into the Court Registry for the Eastern District of Pennsylvania.

On June 7, 2013, the Third Circuit affirmed this Court's decision in its entirety.  <u>Langlais v. PennMont Benefit Servs., Inc.</u>, No. 12-3234, 527 F. App'x 215 (3d Cir. June 7, 2013).  On June 21, the respondents petitioned for rehearing en banc.  On July 11, the petition for rehearing was denied.  The respondents moved for a stay of the Third Circuit's mandate to allow for a petition for a writ of certiorari to the Supreme Court.  On July 29, the Third Circuit granted a ninety-day stay of the issuance of the mandate.

The respondents' deadline to file a petition for a writ of certiorari to the Supreme Court expired on October 9, 2013.  (Pursuant to Supreme Court Rule 13, the ninety-day period in which to petition runs from the date of the denial of rehearing in the appellate court.)  On October 10, the Third Circuit issued its mandate.  Also on October 10, the petitioners filed the instant motion for the release of the bond funds.

On October 1, 2013, six involuntary bankruptcy petitions were filed against the respondents in the Bankruptcy Court for the Middle District of Florida.[1]

A response in opposition to the motion for release of funds was due October 27, 2013.  No opposition was filed.  On October 17, however, the respondents filed a Suggestion of Bankruptcy regarding involuntary bankruptcy petitions filed against them in Florida.  On December 6, 2013, these bankruptcy cases were transferred to the Bankruptcy Court for the Eastern District of Pennsylvania, where they remain pending.

The petitioners argue that the broad automatic stay of proceedings against a debtor under 11 U.S.C. § 362 does not prevent this Court from ordering release of the bond funds, because the debtor-respondents no longer have any claim to or property interest in the bond funds.[2]  However, the case on which

---

[1] Penn-Mont Benefit Servs., Inc., No. 13-5986 (M.D. Fl. Bankr. Ct.); Regional Emp'rs' Assurance League Voluntary Emps.' Beneficiary (REAL VEBA) Trust, No. 13-5987 (M.D. Fl. Bankr. Ct.); Single Employer Welfare Benefit Plan Trust (SEWBPT), No. 13-5988 (M.D. Fl. Bankr. Ct.); Penn Public Trust, No. 13-5989 (M.D. Fl. Bankr. Ct.); Koresko Law Firm, PC, No. 13-5990 (M.D. Fl. Bankr. Ct.); and Koresko & Associates, No. 13-5991 (M.D. Fl. Bankr. Ct.).

[2] 11 U.S.C. § 362(a) provides in pertinent part that ". . . a [bankruptcy] petition filed under [§§] 301, 302 or 303 of this title . . . operates as a stay, applicable to all entities, of — (1) the commencement or continuation, including the issuance or employment of process, of a judicial, administrative, or other action or proceeding against the debtor that was or could have been commenced before the commencement of the case under this

the petitioners primarily rely in support of their argument, Mid-Jersey National Bank v. Fidelity-Mortgage Investors, 518 F.2d 640 (3d Cir. 1975), is no longer good law.

In Mid-Jersey, the Third Circuit held that a debtor's appeal was not subject to the automatic stay provisions of the old Bankruptcy Act, 11 U.S.C. § 711 et seq., because the debtor had posted a supersedeas bond and made a deposit with the district court to stay execution of judgment. While the appeal was pending, the debtor filed for bankruptcy. The Third Circuit held that the appeal could be stayed only if the deposit with the court constituted property of the debtor over which the bankruptcy court had exclusive jurisdiction. The deposit in Mid-Jersey, however, was not property of the debtor because the only property interest the debtor had in the certificate was a "contingent reversionary interest as a potential beneficiary of the trust." 518 F.2d at 644.

In Borman v. Raymark Industries, Inc., 946 F.2d 1031 (3d Cir. 1991), the Third Circuit held that Mid-Jersey was no longer an accurate statement of the law under the "expanded" jurisdiction of the 1978 Bankruptcy Code. The Third Circuit

---

title, or to recover a claim against the debtor that arose before the commencement of the case under this title; (2) the enforcement, against the debtor or against property of the estate, of a judgment obtained before the commencement of the case under this title; [and] (3) any act to obtain possession of property of the estate or of property from the estate or to exercise control over property of the estate . . . ."

held that, pursuant to its decision in <u>Association of St. Croix Condo. Owners v. St. Croix Hotel Corp.</u>, 682 F.2d 446 (3d Cir. 1982), the existence of a supersedeas bond did not alter the fact that the appeal constituted a "proceeding against the debtor" within the meaning of § 362(a)(1), because the underlying action had been brought against the debtor.  <u>Borman</u>, 946 F.2d at 1035.  The Third Circuit noted that § 362(a)(1) stays all pre-petition actions against the debtor, not merely acts to obtain property of the debtor.  Accordingly, the Third Circuit held that <u>Mid-Jersey</u> was no longer an accurate statement of the law to the extent that it had held that a supersedeas bond or deposit could prevent the application of the automatic stay.  <u>Id.</u> at 1037.[3]

In <u>Raymark Industries, Inc. v. Lai</u>, 973 F.2d 1125, 1126 (3d Cir. 1992), the Third Circuit reiterated its <u>Borman</u> holding that the automatic stay applies to all actions brought against a debtor, either pre- or post-petition, regardless of whether the assets in question are considered property of the debtor's estate.

---

[3]  However, the Third Circuit expressed "no opinion on whether the supersedeas bond is considered property of the estate under the [expanded definition of the] Bankruptcy Code." <u>Borman</u>, 946 F.2d at 1037.  Nor did the Third Circuit "imply that it would be improper for the bankruptcy court to lift or modify the stay to permit disposition."  <u>Id.</u>

5

In Borman and Raymark, the bankruptcy proceeding was filed before the Third Circuit had entered any opinion or judgment on the appeal.  However, the Third Circuit recently addressed timing similar to that at issue in this case in non-precedential case In re: Advanced Electronics, Inc., 283 F. App'x 959 (3d Cir. June 30, 2008).  In Advanced Electronics, the decision of the district court was affirmed on June 29, 1999.  The respondents filed a petition for rehearing, which was denied.  One of the respondents then filed for personal bankruptcy on July 2, 1999.  On October 12, 1999, the Third Circuit issued its mandate, "thus concluding the appeal."  283 F. App'x at 961.  Nevertheless, the Third Circuit held that "the fact that the appeal had progressed further . . . does not affect the applicability of the Borman rule."  Id. at 966 ("When [the debtor] filed for bankruptcy on July 2, the mandate had not yet issued, and the parties' obligations were therefore not yet fixed.  Any action by the Trustee at that point to execute against the shares [held in lieu of a supersedeas bond] would have been premature. . . . [and] [t]he District Court erred when it concluded that the Trustee could have proceeded against the shares upon the termination of the appeal.  The Trustee could not have executed against the shares due to the § 362(a)(1) automatic stay." (citation omitted)).

Here, the bankruptcy petitions were filed and the automatic stay went into effect nine days before the Third Circuit's mandate issued.  This Court cannot release the supersedeas bond funds until the stay is lifted by the Bankruptcy Court, or the bankruptcy proceedings conclude.

For the foregoing reasons, the Court grants the petitioners' motion for an expedited ruling, but denies the petitioners' motion for partial release of supersedeas bond funds, without prejudice.

An appropriate Order shall issue.