IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| MELISSA LANGLAIS, et al.<br><br>    Petitioners,<br><br>          v.<br><br>PENNMONT BENEFIT SERVICES, INC., et al.<br><br>        Respondents. | C.A. No.  11-CV-5275 |
| In re:<br><br>REAL VEBA TRUST<br><br>       Debtor. | C.A. No.  14-1484 |
| In re:<br><br>SINGLE EMPLOYER WELFARE BENEFIT PLAN TRUST,<br><br>       Debtor. | C.A. No.  14-1486 |
| In re:<br><br>PENN-MONT BENEFIT SERVICES, INC.,<br><br>       Debtor. | C.A. No.  14-1487 |

**MEMORANDUM OF LAW IN SUPPORT OF PETITIONERS' MOTION FOR RELIEF FROM THE AUTOMATIC STAY AND A PARTIAL AWARD OF ATTORNEY'S <u>FEES AND COSTS</u>**

I. **INTRODUCTION AND BACKGROUND**

On April 3, 2014, this Court issued a Memorandum and Order granting Petitioners'

motion for relief from the automatic stay and ordering $3.8 million of the $3.9 million held in

1

the registry of the Court as supersedeas security in *Langlais et al. v. Penn-Mont et al*. released to petitioners. (D.E. ## 57 & 58). The Order also granted leave to petition for an award of counsel fees but Petitioners only sought permission at that time to move for a determination of entitlement and amount. That petition for an award of counsel fees was filed and remains unopposed. (D.E. ## 61 & 62). Petitioners now seek additional relief from the automatic stay, a partial award of counsel fees and an order releasing to Petitioners the remaining $100,000 held in the court's registry.

II.   ARGUMENT

A. **Petitioners Are Entitled to an Award of Costs and Fees Well In Excess Of $100,000**

There is no dispute that Petitioners are entitled to an award of costs and attorneys fees. The arbitrator awarded cost and fees and this Court affirmed that award. In addition, as this case arises under ERISA and involved enforcement of an arbitration award, fees and costs incurred in affirming and enforcing the award are also to be awarded. *See argument in* D.E. 61-1 at 3-4. The pending motion, D.E. 61, documents well over $200,000 in costs and fees, frankly, a fairly modest amount considering the vexatious litigation tactics of Respondents when under the control and direction of Mr. Koresko.

Mr. Koresko's litigation tactics also leave little doubt that application of the *Ursic* factors[1] weigh heavily in favor of a fee award that includes the post-arbitration proceedings. The Respondents' refusal to abide by the arbitration award was clearly in bad faith and Respondents' position was without merit. Indeed, as the court is now aware, the Respondents' mistreatment of the Petitioners is just one example of a pervasive hostility to participant interests that virtually

---

[1] *Ursic v. Bethlehem Mines*, 719 F.2d 670, 673 (3d Cir. 1983).

2

defined the Respondents' operations while under the control of Mr. Koresko.

With respect to the ability to afford an award of attorney's fees, though this may be a question to be debated to the extent an award of more than $100,000 is considered, a partial award of $100,000 to be paid from the bond funds posted with the Court can clearly be afforded.

### B. The Remaining Bond Funds Are Not Property of the Estate Once The Court Concludes That Petitioners Are Entitled to At Least $100,000 in Costs and Attorney's Fees

In ordering release of the initial $3.8 million of the supersedeas security, this Honorable Court held that the bond funds were not property of the bankruptcy estates, albeit limited to the $3.8 million then released. D.E. 57 at 15-20. Petitioners respectfully submit the Court's analysis is equally applicable to the remaining $100,000 once the Court determines that there is an entitlement to an award of attorney's fees and costs in at least that amount. Just as with the $3.8 million released earlier, the bankruptcy estates have only a contingent interest in the supersedeas funds. Once this Court determines that a counsel fees and costs award of at least $100,000 is appropriate, the contingent interest vanishes and the estates have no claim to the property.

### C. Relief From The Stay Should Be Granted

As with the question of whether the remaining $100,000 is property of the bankruptcy estates, once the Court determines there is an entitlement to at least $100,000 in counsel fees and costs, the analysis of whether the stay should be lifted to permit the award and distribution of the remaining supersedeas fund is no different than the Court's analysis in granting relief from the stay to permit release of the initial $3.8 million. The remaining funds held in the registry of this Court are security for just such an award and the likelihood of any reorganization is now virtually non-existent.

### III.     CONCLUSION

For the above reasons, Petitioners respectfully request that their Motion be granted, that Petitioners be granted relief from the automatic stay and that $100,000 be ordered released from the Court's registry and paid to counsel's client trust account.

Respectfully submitted,

*/s/ Ira B. Silverstein*
Ira B. Silverstein
Feldman Morgado, P. A.
140 Broadway
46th Floor, Suite 4638
New York, NY 10005
P: 212-991-8431
Direct: 215-449-3333
Fax: 212-991-8439
<u>Isilverstein@fmlawgroup.us</u>

Dale J. Morgado, Esq. (admitted *pro hac vice*)
dmorgado@fmlawgroup.us
FELDMAN MORGADO, PA
100 N. Biscayne Blvd., Suite 2902
Miami, Florida 33132
Telephone: 305.222.7850
Facsimile: 305.384.4676

*Attorneys for Petitioners*

Dated:  June 30, 2014