```
                IN THE UNITED STATES DISTRICT COURT
             FOR THE EASTERN DISTRICT OF PENNSYLVANIA
```

MELISSA LANGLAIS, et al.          :    CIVIL ACTION
                                  :
          v.                      :
                                  :
PENMONT BENEFIT SERVICES,         :
INC., et al.                      :    NO. 11-5275
                                  :
----------------------------------:
IN RE: REAL VEBA TRUST            :    NO. 14-1484
                                  :
----------------------------------:
IN RE:  SINGLE EMPLOYER           :
WELFARE BENEFIT PLAN TRUST        :    NO. 14-1486
                                  :
----------------------------------:
IN RE:  PENN-MONT BENEFIT         :
SERVICES, INC.                    :    NO. 14-1487

<u>ORDER</u>

AND NOW, this 11th day of September, 2014, upon consideration of Petitioners' Renewed Motion for Attorneys' Fees and Costs (Docket # 61, C.A. #11-5275) and Petitioner's Motion for Relief from the Automatic Stay and a Partial Award of Attorney's Fees and Costs (Docket #64, C.A. #11-5275), and the objections of the Independent Fidicuary ("IF") thereto, IT IS HEREBY ORDERED that the petitioner's motion (Docket #64) is GRANTED.  The petitioner's renewed motion (Docket #61) is denied in part without prejudice.

The Court incorporates herein its Memorandum dated April 3, 2014, granting relief from the automatic stay of proceedings against a debtor in bankruptcy in order to seek

partial relief of the supersedeas bond funds posted by the respondents. There is $100,000.00 left in the bond fund after the Court ordered that $3.8 million be released to the petitioners. In that earlier decision, in footnote 18, the Court noted that the petitioners were not at that time requesting release of the remaining $100,000.00 supersedeas bond funds securing the award of attorneys' fees. Thereafter, the two motions sub judice were filed.

     As an initial matter, the Court has reviewed the petition for attorneys' fees and has determined that the petitioners' are entitled to at least $100,000.00 in fees. The requested amount of fees is $285,572.30. The Court will not, at this time, award any fees beyond the $100,000.00 that is already in the Court registry. The Court sees no reason to treat the $100,000.00 left in the fund any differently from the other money in that fund with respect to the question of whether those funds could be considered the property of the debtors' estate in bankruptcy. The Court concludes that the reasoning of its earlier decision applies here.

     The Court has considered the objections of the IF but overrules them. The bankruptcy has already been lifted and annulled with respect to the Langlais action. The arbitration

award allowed for reasonable attorneys' fees and the Court confirmed the award before the bankruptcies were filed.

IT IS FURTHER ORDERED that the Clerk of Court is directed to release the remaining $100,000.00 of the supersedeas bond funds as a partial award of attorneys' fees and costs by way of a check made payable to the Feldman Morgado, P.A., Client Trust Account. The check shall be sent by certified mail to:

>    Dale J. Morgado, Esq.
>    Feldman Morgado, P.C.
>    46th Floor, Suite 4638
>    140 Broadway
>    New York, NY   10005

This order is without prejudice to an additional award based on the outstanding petition for attorneys' fees (Docket #61).

BY THE COURT:

/s/ Mary A. McLaughlin
MARY A. McLAUGHLIN, J.